UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ZINGANYTHING, LLC, | ) | CASE NO. 5:16cv20 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| WISH.COM, et al., | ) | |
| | ) | |
| DEFENDANTS. | ) | |

On January 5, 2016, plaintiff, Zinganything, LLC, filed the present action against various defendants, alleging patent infringement, trademark infringement, copyright infringement, and unfair competition. (Doc. No. 1 (Complaint).) There are a number of motions pending before the Court. By this Memorandum Opinion, the Court resolves the following motions: (1) the motion of defendant NfusedH20 ("NfusedH20") to dismiss (Doc. No. 9); (2) plaintiff's motion for leave to file an amended complaint (Doc. No. 31); (3) the motion of defendant, The Ashley Collection, Inc., dba Protocol ("Protocol"), to dismiss (Doc. No. 34); (4) Protocol's motion for leave to add a counterclaim (Doc. No. 38); and plaintiff's motion for leave to file a first amended complaint, *instanter* (Doc. No. 42). Given the fact that the case is in its infancy, and as more fully explained below, the Court shall grant the motions for leave to amend and the motion to add a counterclaim, and deny the motions to dismiss without prejudice. An explanation of the Court's reasoning, and a word of caution for counsel and the parties going forward, follows.

I. **BACKGROUND**

According to the complaint, plaintiff is an Ohio corporation that "has introduced a

revolutionary product line and technology designed with the purpose of extracting the essence of all natural ingredients and allowing these flavors to infuse directly into a liquid of choice." (Complaint ¶¶ 1, 12.) Plaintiff alleges that six different defendants violated its patents, trademarks, and copyrights related to this product line, by selling, and offering for sale, counterfeit products. As support, plaintiff avers that "[t]est purchases of water bottles were purchased from each named defendant each of which was confirmed as counterfeit product." (*Id*. ¶ 2.)

From the caption of the complaint it appears that each defendant corporation is domiciled, or, at least, maintains its principal of business, in a state other than Ohio. Plaintiff represents that it has personal jurisdiction over these foreign corporations "by virtue of their sale of products, transaction of business, and solicitation of business within the State of Ohio, within this [Court's] jurisdiction and elsewhere. Each Defendant . . . sold product in this district over online platforms such as eBay and/or Amazon.com and/or their own websites." (*Id*. ¶ 7.) With respect to defendants' own websites, plaintiff avers that they are "active rather than passive websites, meaning they permit Ohio users to place orders, to store personal account information, to register a username and password, to access customer service, and to ship products to different states, including Ohio." (*Id*. ¶ 10.) The complaint provides that "[w]ebsites with similar features have been found to satisfy the 'purposeful availment' requirement of the 'minimum contacts' analysis satisfying due process[,]" and cites case law from Ohio district courts in support. (*Id*.)

In lieu of filing an answer, NfusedH20 moved to dismiss the complaint. (Doc. No. 9.) NfusedH2O identified five bases for dismissal, including: lack of personal jurisdiction, improper venue, insufficient service of process, insufficiency of process, and failure to state a claim. It also sought sanctions under Rule 11 of the Federal Rules of Civil Procedure. Each basis was

presented in cursory fashion. For example, with respect to personal jurisdiction, NfusedH20 cited to one decision, out of the United States Court of Appeals for the Seventh Circuit, in support of its position that the use of a website does not confer personal jurisdiction. (Doc. No. 9-1 at117, citing *Be2LLC v. Ivanov*, 642 F.3d 555 (7th Cir. 2011).) Alternatively, NfusedH20 argued that "NfusedH20" is merely a "fictional entity" used for conducting business, and is not subject to suit. (*Id.*)

Plaintiff twice moved for leave to respond to NfusedH20's dispositive motion. In the second motion, plaintiff also requested that the Court permit limited, expedited discovery on the issues presented in NfusedH20's motion. (Doc. No. 18.) The Court granted the request, and afforded the parties forty-five (45) days in which to conduct limited discovery. (Minute Order, dated April 6, 2016.) Following this period of discovery, plaintiff filed its response, which was limited to addressing NfusedH20's "fictitious" name argument. Plaintiff promised that, based on discovery responses, it would file an amended complaint that added as a party defendant the entity that it has discovered uses the name "NfusedH20" to sell its products. (Doc. No. 31.)

The docket reflects that, while plaintiff and NfusedH20 were briefing the first motion to dismiss and conducting discovery, plaintiff entered into settlement negotiations with several of the other defendants. Plaintiff ultimately was granted leave to dismiss all defendants except NfusedH20 and Protocol. (*See* Doc. Nos. 15, 22-25, 36.) Plaintiff was also granted leave to dismiss the first cause of action against Protocol. (Doc. No. 26; *see* Doc. Nos. 20, 26.)

On August 2, 2016, Protocol filed its motion to dismiss the second count of the complaint, which raised a claim of patent infringement based on U.S. Utility Patent No. 8,740,116 ('116 patent"). (Doc. No. 34.) It is Protocol's position that plaintiff lacks standing to assert violations of the '116 patent because the patent in question is not, in fact, owned by

plaintiff. Plaintiff opposed the motion, and requested leave to further amend the complaint to "cure[] the perceived defect outlined in Protocol's motion" by joining the '116 patent owner, Brighteye Innovations, LLC. (Doc. No. 41 at 277.) In its opposition brief, plaintiff argues that such an amendment is appropriate because it is the exclusive licensee of Brighteye. (*Id*. at 278.)

On September 12, 2016, plaintiff filed a motion to amend, and attached to the motion a proposed first amended complaint ("FAC"). (Doc. No. 42.) In its motion, plaintiff explained that it offered the amendment to "clarify the case." (*Id*. at 283.) According to plaintiff, the amendment successfully addresses the issues raised in the motions to dismiss and "clean[ed] up the pleadings by removing those parties already terminated in this action." (*Id*.)

**II. DISCUSSION**

Rule 15(a)(2) of the Federal Rules of Civil Procedure governs plaintiff's motions to amend. It provides, in relevant part, that the Court should "freely give leave" to amend pleadings "when justice so requires." It is appropriate to address complaint deficiencies identified in a Rule 12 motion to dismiss with an amended pleading. *See generally Bishop v. Lucent Techs., Inc.*, 520 F.3d 516, 521 (6th Cir. 2008) (A motion to amend is frequently entertained in conjunction with a motion to dismiss and can serve as an effective way of curing pleading deficiencies and more quickly reaching the merits of a dispute.) (citation omitted).

Unfortunately, even though the Court permitted limited discovery on the issue of personal jurisdiction, the state of the briefing is such that the Court is currently unable to determine whether the FAC cures the potential deficiencies identified in NfusedH20's dispositive motion. The problem begins with NfusedH20's motion, itself. As alluded to previously, NfusedH20 cites a single Seventh Circuit case in support of its motion to dismiss on the basis of lack of personal jurisdiction. However, it is well settled that this Court applies the

4

law of the Federal Circuit when determining whether to exercise personal jurisdiction over a patent claim. *See Elec. for Imaging, Inc. v. Coyle*, 340 F.3d 1344, 1348 (Fed. Cir. 2003) (citing *Akro Corp. v. Luker*, 45 F.3d 1541, 1543 (Fed. Cir.1995)). "Where [as here] a suit involves both patent and non-patent claims, Federal Circuit law regarding due process also applies to the question of personal jurisdiction on non-patent claims if "'the resolution of the patent infringement issue will be a significant factor' in determining liability under the non-patent claims." *Breckenridge Pharm., Inc. v. Metabolite Labs., Inc*., 444 F.3d 1356, 1361 (Fed. Cir. 2006) (quoting *CD Sys., Inc. v. Aarotech Labs., Inc*., 160 F.3d 1373, 1377 (Fed. Cir.1998)). If the patent infringement issues are not "intimately involved" in the resolution of the non-patent claims, the district court applies regional circuit law to those claims. *See Coyle*, 340 F.3d at 1348 (citing *Amana Refrigeration, Inc. v. Quadlux, Inc*., 172 F.3d 852, 857 (Fed. Cir. 1999)).

NfusedH20 did not acknowledge this governing case law, or perform any analysis to determine what law governed the Court's consideration of personal jurisdiction for the various claims in the complaint. Instead, it simply selected a case from another jurisdiction that supported its position that personal jurisdiction is lacking. While it is unclear, at this point, whether the law of the Federal Circuit, or the law of the Sixth Circuit as the applicable regional circuit, or both, applies, the Court is certain that Seventh Circuit law will not guide its analysis.[1] Additionally, as also previously noted, NfusedH20 gave short shrift to the remaining issues raised in its motion to dismiss, and did not even address the factual allegations in the complaint offered to support personal jurisdiction.

---

[1] Without getting into too much detail, the Court notes that its own research revealed that the Seventh Circuit's decision cited by NfusedH20 is not consistent with Federal Circuit and Sixth Circuit law on the issue of whether the operation of a website on the internet can translate into specific jurisdiction. *See, e.g., Trintec Indus., Inc. v. Pedre Promotional Prod., Inc*., 395 F.3d 1275 (Fed. Cir. 2005); *Cadle v. Schlichtmann*, 123 F. App'x 675 (6th Cir. 2005).

To be sure, plaintiff bears the burden of establishing the existence of personal jurisdiction. *CompuServe Inc. v. Patterson*, 89 F.3d 1257, 1261-62 (6th Cir. 1996) (citation omitted); *see Coyle*, 340 F.3d at 1349 (citation omitted) Still, the sketchy nature of NfusedH20's motion, and the absence of any reference to the governing law and standards, fails to even properly bring the issues identified in the motion before the Court. *See McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) ("Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones.") (quotation marks and citations omitted). The Court will not construct arguments for NfusedH20, or serve to supplement NfusedH20's inadequate legal research.

Of course, plaintiff is not without fault. It failed to even address NfusedH20's argument that its operation of a website could not serve as the basis for personal jurisdiction in this matter. Had NfusedH20 submitted a properly supported motion for dismissal, plaintiff's omission could have proved fatal to plaintiff's claims. *See Theunissen v. Matthews*, 935 F.2d 1454, 1459 (6th Cir. 1991) (noting that in the face of a properly supported motion for dismissal, the plaintiff "may not stand on [its] pleading but must, by affidavit or otherwise, set forth specific facts showing that the court has jurisdiction") (citation omitted); *see also InterRoyal Corp. v. Sponseller*, 889 F.2d 108, 111 (6th Cir. 1989) (noting, in the context of summary judgment, that "[a] district court is not . . . obligated to wade through and search the entire record for some specific facts that might support the nonmoving party's claim").

Because it is still early in the proceedings, and leave to amend should be freely given, the Court finds that the most judicious use of its resources would be to grant the various motions to

amend and dismiss, without prejudice, the remaining defendants' dispositive motions.[2] Defendants may reassert any arguments raised in their Rule 12 motions at a later time if they believe that the FAC fails to cure the perceived pleading deficiencies. The Court expects that any future motions or opposition briefs will contain well-reasoned arguments based on applicable case authority. Failure to meet these requirements may result in sanctions, up to and including, dismissal of claims or defenses.

### III. CONCLUSION

For all of the forgoing reasons, plaintiff's motions to amend (Doc. Nos. 31, 42) and Protocol's motion to add a counterclaim (Doc. No. 38) are granted, and defendants' motions to dismiss (Doc. Nos. 9, 34) are denied without prejudice. Plaintiff shall have leave until September 30, 2016 to file the FAC. Defendants shall have leave until October 14, 2016 to file an answer or otherwise respond to the FAC.

**IT IS SO ORDERED**.

Dated: September 22, 2016

                                            **HONORABLE SARA LIOI**
                                            **UNITED STATES DISTRICT JUDGE**

---

[2] The Court does not suggest that Protocol's motion to dismiss suffers from the same deficiencies the Court finds in NfusedH20's dispositive motion. While plaintiff has represented that the FAC cures the pleading defect identified in Protocol's motion, Protocol remains free to argue that it does not.